# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

YVETTE MARIE SUAREZ,

          Plaintiff,

    v.

NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. LA CV 16-2037 JCG

**MEMORANDUM OPINION AND ORDER**

Yvette Marie Suarez ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed her credibility. (*See* Joint Stip. at 5-12.) The Court addresses Plaintiff's contention below, and finds that reversal is not warranted.

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ

---

[1]     The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least three valid reasons for finding Plaintiff "not entirely credible." (Administrative Record ("AR") at 20.)

First, Plaintiff's complaints of significant numbness and restriction on her ability to walk or use her hands were inconsistent with objective medical findings.[2] (AR at 20-21, 41-42); *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony); *Toriello v. Colvin*, 656 F. App'x 845, 847 (9th Cir. 2016) (ALJ properly rejected claimant's testimony because her complaints of walking difficulties conflicted with medical examiners' findings, including that she had a "normal gait" and did not use assistive devices). For example, clinical evaluations showed: (1) normal diabetic foot exams; (2) negative neurological complaints; and (3) negative numbness or tingling. (AR at 20, 84, 95, 313 (noting Plaintiff was "able to move around the office unassisted"), 318 (posture and gait normal), 361, 533, 535-36, 571.)

Second, Plaintiff was inconsistent about the frequency of her panic attacks.[3] (AR at 20, 47, 233, 319, 549, 599); *see Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th

---

[2]    Counsel for Plaintiff contends that the ALJ failed to comply with this Court's prior remand order on this issue. (Joint Stip. at 5.) However, as noted by the Commissioner, counsel's cite pertains to Plaintiff's medical records, not a remand order from this Court. (*Id.* at 5, 13.) Further, the Commissioner was unable to find in the Agency's records any prior order of this Court related to Plaintiff's case. (*Id.*) The Court also is unaware of any previous determination of Plaintiff's case by this Court. Based on the matching AR citations and dates, and identical language with the exception of changed names, counsel appears to have copied and pasted this argument from the Joint Stipulation in *Bell v. Berryhill*, No. ED CV 16-0336 JCG (C.D. Cal. Sept. 6, 2017). (*Compare id.* at 5 *with* Joint Stip. at 5-6 in CV 16-0336); *see also Phillips v. Colvin*, 2016 WL 2758250, at *5 (C.D. Cal. May 12, 2016) (discussing same copy-and-paste errors with counsel's filings); *Hampton v. Colvin*, 2015 WL 1884313, at *5-6 (N.D. Cal. Apr. 23, 2015) (same).

[3]    Plaintiff does not discuss this or the remaining reasons provided by the ALJ. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); *Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to

Cir. 2014) (an ALJ may consider a variety of factors in weighing a claimant's believability, including ordinary techniques of credibility evaluation, prior inconsistent statements, and testimony by the claimant that "appears less than candid"); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (inconsistency in claimant's statements demonstrated lack of candor that supported ALJ's negative conclusions about claimant's veracity).

Third, Plaintiff received infrequent mental health treatment, and treatment notes lacked discussion of symptoms, triggers, and effects on functioning. (AR at 20-21, 84-85, 95-96, 215-16, 318-19, 321, 550); *see Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (ALJ properly considered treatment gap in assessing claimant's credibility); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination."); *Rollins*, 261 F.3d at 856-57.

To the extent the ALJ discounted Plaintiff's testimony due to an inconsistency in her description of her relationship with her children, the Court does not find this reason to be sufficiently clear because the ALJ did not explain how that was probative of her subjective complaints.[4] (AR at 20, 318-19, 549); *Benton*, 331 F.3d at 1040; *Brown-Hunter v. Colvin*, 806 F.3d at 493.

However, any such error is harmless in light of the other valid reasons for rejecting the testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility determination" were supported by substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7

discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's credibility finding).

[4] The Commissioner does not attempt to justify this reason here. (Joint Stip. at 13-18.)

(D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least one valid reason to discount claimant's testimony).

Thus, the ALJ's assessment of Plaintiff's credibility does not warrant reversal.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.


DATED: November 30, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge


\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*